IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR MATOS, | ) |
| Plaintiff, | ) Civil Action No. 23-2039 |
| | ) Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) Re: ECF Nos. 57, 70 |
| MR. J. BRIGHT *CHCA* and MS. LAURENE DONNELLY, | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Victor Matos ("Plaintiff"), a state prisoner who is currently housed at the State Correctional Institution at Fayette ("SCI – Fayette"), brings this action *pro se* pursuant to 42 U.S.C. § 1983. He brings claims for the alleged violation of his rights under the First and Eighth Amendments to the United States Constitution. ECF No. 28. His claims arise out of the conditions to which he was subjected at SCI - Fayette when Defendants allegedly were deliberately indifferent to his serious medical condition and retaliated against him for filing grievances related to his medical care.

Pending before the Court is Plaintiff's Motion for Reconsideration, ECF No. 57, and Supplemental Motion for Reconsideration, ECF No. 70, asking the Court to reconsider its denial of his Second Motion for Appointment of Counsel. See ECF Nos. 47, 49. The Court denied Plaintiff's earlier motions for appointment of counsel after it weighed the range of factors identified in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), and Parkell v. Danberg, 833 F.3d 313, 340 (3d Cir. 2016). The Court also considered the significant practical restraints on the ability to appoint counsel, and Plaintiff's demonstrated ability to litigate claims on his own behalf. ECF No. 49 at 2-3.

1

In his pending Motions, Plaintiff again asserts that he lacks fluency in English, and is hampered by the constraints of prison law library scheduling. ECF No. 57. He also makes unsubstantiated allegations of misconduct on behalf of Defendant Donnelly, the SCI-Fayette Medical Department, and opposing counsel related to document destruction that he insists have occurred or will occur and impede discovery by a *pro se* prisoner litigant. ECF No. 70. Thus, he claims he requires counsel to aid him with the litigation of his straight-forward civil rights claims.

Upon review, this case is in the preliminary stages. Discovery has not yet been ordered and Plaintiff's claims of alleged destruction of medical records are speculative at best. As to any language impediments, Plaintiff has thus far demonstrated that he has a basic understanding of his claims and the relevant law and can communicate with the Court. To the extent the allocation of prison law library time may impede his ability to conduct legal research, Plaintiff may file properly supported and timely motions to extend deadlines for the Court's consideration. In addition, as a *pro se* litigant, Plaintiff has the benefit of the holding in Haines v. Kerner, 404 U.S. 519 (1972), and its progeny, which provide that the court must liberally construe *pro se* pleadings.

Finally, as the Court's prior Orders stated, Local Civil Rule 10.C states that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved." See also Parkell, 833 F.3d at 340 ("Appointing counsel for an indigent civil litigant is 'usually only granted upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case.'") (quoting Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984)).

The circumstances cited by Plaintiff are the same as those faced by most incarcerated litigants, and he has not identified or provided support for any special circumstances that would

justify the Court requesting counsel to represent him unless and until it proceeds to trial. Should the case survive dispositive motions and appear ready to proceed to trial, the Court will reconsider his request at that time. Accordingly, the following Order is entered:

AND NOW, this 6th day of November, 2025, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration, ECF No. 57, and Supplemental Motion for Reconsideration, ECF No. 79, are DENIED without prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT,

*/s/ Maureen P. Kelly*
UNITED STATES MAGISTRATE JUDGE

cc: VICTOR MATOS
DF-7713
SCI FAYETTE
50 Overlook Drive
LaBelle, PA 15450

All counsel of record via CM/ECF